UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RJ BRANDS, LLC D/B/A CHEFMAN,**<br><br>             **Plaintiff,**<br><br>       v.<br><br>**HANGDONG TRADING LIMITED,** *et al.*,<br><br>             **Defendants.** | Case No. 21–cv–04747–JXN–ESK<br><br>OPINION |

**KIEL**, **U.S.M.J.**

**THIS MATTER** is before the Court on plaintiff RJ Brands, LLC d/b/a Chefman's (RJ Brands) motion for alternative service on defendant Wellcook Kitchenware Co., Ltd., pursuant to Federal Rule of Civil Procedure (Rule) 4(f) (Motion).[1] (ECF No. 6.) For the following reasons, the Motion is **DENIED** without prejudice.

## BACKGROUND

RJ Brands asserts trademark infringement claims against defendants Hangdong Trading Limited and Wellcook Kitchenware Co., Ltd. (Wellcook) (collectively, Defendants). (ECF No. 1.) RJ Brands "manufactures, imports[,] and sells various home appliances and kitchen products[.]" (*Id.* ¶4.) It also owns trademarks for "CHEFMAN" and "CHEF IQ" (RJ Marks) and claims to have "protectable exclusive rights" in the RJ Marks. (*Id.* ¶¶13, 20.)

RJ Brands alleges that "Defendants have … capitalize[d] on the goodwill of" the RJ Marks by selling "kitchen goods under a nearly identical mark" under the name "CHEFMADE." (*Id.* ¶¶3, 19.) According to the complaint, Wellcook is "a

---

[1] Although the moving brief references Rule 4(f)(3) (ECF No. 6-3 pp. 5, 6, 8–10), RJ Brands' notice of motion references Rule 4(e) (ECF No. 6 p. 1).

Chinese limited company with a principal place of business at Huanan Wujin Chanye Jidi, Jinsha, Danzao, Nanhai, Foshan City, Guangdong, China 528223." (*Id.* ¶ 6.)

The complaint was filed on March 10, 2021. (*Id.*) RJ Brands asks the Court to permit alternative e-mail service under Rule 4(f)(3). (ECF No. 6-3 p. 5.) RJ Brands seeks to serve Wellcook by transmitting e-mails to Wellcook's California-based attorney (Wellcook Attorney) and two of Wellcook's officers, Ruizhen Chen and Zexiang Chen.[2] (*Id.*) RJ Brands argues that Rule 4(f)(3) permits service by email on Wellcook because the proposed manner of service is not prohibited by international agreement, may be directed by the Court, and is reasonably calculated to apprise Wellcook of this lawsuit. (*Id.* p. 6.) RJ Brands also argues that Rule 4(f)(3) is "neither a last resort nor extraordinary relief" as RJ Brands is "not required to attempt service through the other provisions of Rule 4(f) before the Court may order" alternative service. (*Id.*)

RJ Brands points out that China, while a signatory to the Hague Convention, has objected to service by "postal channels" under Article 10 of the Hague Convention. (*Id.* p. 7.) China's objection notwithstanding, according to RJ Brands, "[c]ourts have held that such objection does not include service by email[,]" a method not prohibited by any international agreement. (*Id.*) Furthermore, RJ Brands submits that the Hague Convention does not even apply because Wellcook's address is "not known" as Wellcook has "concealed its whereabouts" to "operate anonymously through the Internet."[3] (*Id.* pp. 5, 7, 8.)

---

[2] The method of the alternative service RJ Brands proposes is somewhat unclear. The moving brief describes "email service" on the Wellcook Attorney only (ECF No. 6-3 p. 3), but elsewhere proposes email service on both the Wellcook Attorney and Wellcook's officers (*id.* p. 5). RJ Brands has not specified the location(s) of Wellcook's officers. However, since several addresses associated with Wellcook are in China, it is conceivable that Wellcook's officers are also located in China, and use e-mail addresses associated with Wellcook there.

[3] RJ Brands adds that Defendants conduct their business anonymously through websites and online marketplaces. Because Defendants' use "evasive tactics" and

RJ Brands' counsel filed a declaration (Declaration) in support of the Motion. (ECF No. 6-1.) The Declaration states that Defendants' trademark registrations with the United States Patent and Trademark Office for marks that infringe (Infringing Marks) on the RJ Marks identify e-mail addresses (Registered E-Mails) and a physical address (Registered Address) where correspondence "concerning" the Infringing Marks may be directed. (*Id.* ¶ 5.) The Registered Address is "No. 29 Jinhua Road, Warburg One Building C306, Futian Free Trade Zone, Shenzhen, China 51800." RJ Brands "believes" that Defendants can be contacted at the Registered E-mails. (*Id.* ¶ 11.) However, the Declaration indicates that RJ Brands "does not truly know Defendants' addresses." (*Id.* ¶ 7.) RJ Brands explains that, "[w]hile the addresses provided in the complaint are, on information and belief, the addresses of the Defendants, [RJ Brands] does not truly know Defendants' addresses, because various sources report differing addresses for each of the [] Defendants[.]" (ECF No. 6-3 p. 4.)

The complaint indicates that Wellcook has a "principal place of business at Huanan Wujin Chanye Jidi, Jinsha, Danzao, Nanhai, Foshan City, Guangdong, China 528223" (Principal Address). (ECF No. 1 ¶ 6.) This address appears to resemble, to a degree, the address listed on the Amazon.com website page incorporated in the Declaration (Amazon Address), which RJ Brands characterizes as "incomprehensible." (ECF No. 6-1 p. 2 ¶ 7; p. 3.) But neither the Principal Address nor Amazon Address resembles the Registered Address associated with the Infringing Marks. Moreover, the Declaration indicates that RJ Brands' efforts to establish contact with Wellcook's officers have been unsuccessful. (*Id.* ¶ 8.)

---

"conceal their identities," RJ Brands claims it is "virtually impossible … to determine … [their] true locations or addresses." (ECF No. 6-3 p. 2.) These assertions, while not entirely inconsistent with RJ Brands' identification of an "incomprehensible" Wellcook address at Amazon.com, are only in the moving brief without additional corroboration by way of sworn statements or other proofs.

3

RJ Brands has exchanged correspondence with the Wellcook Attorney, who has not been retained for this matter. (ECF No. 6-3 p.3.) The Wellcook Attorney has not been authorized to accept service. (ECF No. 6-1 ¶ 10.) RJ Brands adds that, because it has established contact with the Wellcook Attorney, Wellcook is aware of this matter but is "tactically" seeking to avoid service. (ECF No. 6-3 p.3.)

## APPLICABLE LAW

Rule 4(f) "governs service of process on defendants in foreign countries and sets forth three potential methods for service: (1) under the Hague Convention[4] or other applicable international agreement; (2) in the absence of limitations under an international agreement, as a foreign country's law prescribes or permits or as directed by a foreign authority; or (3) by other means not prohibited by international agreement, as directed by the Court." *Celgene Corp. v. Blanche Ltd.*, No. 16-00501, 2017 WL 1282200, at *2 (D.N.J. Mar. 10, 2017) (citing Rule 4(f)). "Alternative service is regularly permitted where '(a) there is no international agreement prohibiting service by the proposed method; (b) the proposed method of service is reasonably calculated to provide the defendant notice; and (c) [plaintiffs] have made a good faith effort to locate and serve defendants by traditional means." *Vaswani, Inc. v. Manjunathamurthy*, No. 20-20288, 2021 WL 1541071, at *1 (D.N.J. Apr. 19, 2021) (quoting *Vanderhoef v. China Auto Logistics, Inc.*, No. 18-10174, 2019 WL 6337908, at *2 (D.N.J. Nov. 26, 2019)).

The Hague Convention is "the exclusive method of effecting service between signatories to the convention[.]" *Vaswani*, 2021 WL 1541071, at *3 (quoting

---

[4] "The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the 'Hague Convention') is an international agreement that sets out the means of process for foreign defendants in international civil suits." *Celgene Corp. v. Blanche Ltd.*, No. 16-00501, 2017 WL 1282200, at *3 n.2 (D.N.J. Mar. 10, 2017).

4

*Midmark Corp. v. Janak Healthcare Private Ltd.*, No. 14-00088, 2014 WL 1764704, at *1 (S.D. Ohio May 1, 2014)). Courts in this district have reasoned that "if a foreign country has agreed upon means of service in accordance with the Hague Convention, then any other means of service employed by a plaintiff would constitute []means prohibited by international agreement[]." *Sec. & Exch. Comm'n v. Dubovoy*, No. 15-06076, 2016 WL 7217607, at *2 (D.N.J. Dec. 13, 2016) (quoting *Adv. Aerofoil Techs., AG v. Todaro*, No. 11-09505, 2012 WL 299959, at *2 (S.D.N.Y. Jan. 31, 2012)). Conversely, "when there are no internationally agreed means of service," alternative service under Rule 4(f)(3) "may be permissible[.]" *Id.*

China is a signatory to the Hague Convention.[5] "Pursuant to the Convention, service can be effected in China through the Chinese Central Authority." *In re LDK Solar Sec. Litig.*, No. 07-05182, 2008 WL 2415186, at *1, *3 (N.D. Cal. June 12, 2008). However, "China is one of many signatories to the Hague Convention that has expressly objected to the service provisions in Article 10, including service through postal mail." *Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co., Ltd.*, 494 F.Supp.3d 404, 413 (N.D. Tx. 2020). Consequently, service "cannot be effected 'by postal channels' or through the judicial officers, officials or other individuals of the state of destination[,]" here, China. *In re LDK Solar Sec. Litig.*, 2008 WL 2415186, at *1. But again, service can be effected through the Chinese Central Authority, though this approach could prove "time-consuming, costly, and potentially fruitless." *Id.* The Convention "shall not apply where the address of the person to be served with the document is not known." *See* Hague Convention, art. 1; *see also Celgene Corp.*, 2017 WL 1282200, at *3.

"The Court 'is afforded wide discretion when ordering service of process under Rule 4(f)(3).'" *U.S. Sec. & Exch. Comm'n v. Vuuzle Media Corp.*, No. 21-

---

[5] *See* https://www.hcch.net/en/states/hcch-members (last visited July 28, 2021).

5

01226, 2021 WL 1731947, at *1 (D.N.J. May 3, 2021) (quoting *U.S. Sec. & Exch. Comm'n v. Secure Cap. Funding Corp.*, No. 11-00916, 2011 WL 13143141, at *2 (D.N.J. Aug. 3, 2011)). "Ultimately, '[t]he appropriate alternative service will vary depending upon the particular circumstances of the case,' so long as it is not prohibited by international agreement and comports with due process." *Vuuzle Media Corp.*, 2021 WL 1731947, at *2 (quoting *Bidonthecity.com LLC v. Halverston Holdings Ltd.*, No. 12-09258, 2014 WL 1331046, at *10 (S.D.N.Y. Mar. 31, 2014)). To comport with due process, the method of service must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

## DECISION

In this district, alternative service is allowed where "'(a) there is no international agreement prohibiting service by the proposed method; (b) the proposed method of service is reasonably calculated to provide the defendant notice; and (c) [plaintiffs] have made a good faith effort to locate and serve defendants by traditional means.'" *Vaswani, Inc.*, 2021 WL 1541071, at *1 (quoting *Vanderhoef*, 2019 WL 6337908, at *2).

Here, RJ Brands has not shown that it made a good faith effort to locate and serve Wellcook by traditional means. *Id.* Specifically, RJ Brands, which has ascertained "different addresses" for Wellcook based on various "sources," nowhere explains why the "requisite service forms and papers" have not been submitted "to China's Central Hague Authority pursuant to the Hague Convention" for service at those addresses. *See Vanderhoef*, 2019 WL 6337908, at *1 (permitting alternative e-mail where the plaintiffs "made efforts to serve the China Defendants personally," hired an investigator to research addresses, and "actually attempted to comply with the Hague [Convention] with respect to

6

the Chinese Defendants … to no avail."); *see also Celgene Corp.*, 2017 WL 1282200, at *2 (finding that the plaintiff "established its efforts" to serve the foreign defendant personally by enlisting an investigator and attempting to serve the defendant at "the only discoverable address associated with it.").

Perhaps RJ Brands believes the default method of effecting service of process on a defendant located in China—that is, through the Central Authority—is "too time-consuming, costly, and potentially fruitless." *In re LDK Solar Sec. Litig.*, 2008 WL 2415186, at *1. However, while RJ Brands need not establish that "the other means [of service] are unduly burdensome or impossible[,]" *Bravetti v. Liu*, No. 12-07492, 2013 WL 6501740, at *4 (D.N.J. Dec. 11, 2013), "it is helpful to plaintiff's case to show some measure of difficulty in effecting service by usual means." *Id.* (citing *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, No. 11-09495, 2012 WL 5992134, at *2 (C.D. Cal. 2012)). RJ Brands has not shown any measure of difficulty in serving Wellcook by the usual means. It does not appear RJ Brands tried to serve Wellcook through the Central Authority. True, "federal courts have permitted alternative means of service in cases where it would be 'futile' to attempt to comply with Hague Convention approved means of service."[6] *Dubovoy*, 2016 WL 7217607, at *2 (citing *Henry F. Teichmann, Inc. v. Caspian Flat Glass OJSC*, No. 13-00458, 2013 WL 1644808, at *1 (W.D. Pa. Apr. 16, 2013)). But a showing of futility is, likewise, absent from the motion record.

Some courts have reasoned that "nothing in Rule 4(f) itself or controlling case law suggests that a court must always require a litigant to first exhaust the potential for service under the Hague Convention before granting an order permitting alternative service under Rule 4(f)(3)." *Vanderhoef*, 2019 WL

---

[6] RJ Brands discusses China's objection to Article 10 of the Hague Convention in contending that such objection does not cover e-mail service, yet does not adequately explain why China's objection renders compliance with the Hague Convention difficult, impossible, or futile.

7

6337908, at *3–4 (quoting *In re GLG Life Tech. Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012)) (observing, on the facts before it, that service under the Hague Convention could unnecessarily delay the case).  But absent any showing of unnecessary delay—which RJ Brands has not proffered in the Motion or Declaration—RJ Brands must make the required showing of a "good faith effort to locate and serve defendants by traditional means."  *Vaswani, Inc*, No, 2021 WL 1541071, at *1 (quoting *Vanderhoef*, 2019 WL 6337908, at *2).

Elsewhere, RJ Brands contends that the Hague Convention does not even apply because Wellcook's address is "not known."  Consequently, since the Hague Convention does not apply, as RJ Brands argues, alternative e-mail service on Wellcook is not prohibited by international agreement, and should be permitted here.  But the question of whether Wellcook's address is deemed "unknown" for purposes of Rule 4(f)(3) and Hague Convention analysis remains un-answered.  While the Declaration indicates that RJ Brands "does not truly know Defendants' addresses" (ECF No. 6-1 ¶ 7), RJ Brands elsewhere explains that Wellcook's address is unknown "because various sources report different addresses for" Defendants.  (*Id.* p. 4.)

It seems that when RJ Brands located different or conflicting addresses, it presumed that none of those addresses could be correct, and deemed Wellcook's address unknown.  But an address cannot properly be deemed "unknown" if a plaintiff seeking relief by way of alternative e-mail service does not conduct a reasonably diligent search for the address in the first place.  *See Compass Bank v. Katz*, 287 F.R.D. 392, 395 (S.D. Tx. 2016) ("the standard set out … seems to require … that a plaintiff put forth reasonable diligence in attempting to discover defendant's address, before finding the party can circumvent the methods for service of process authorized by the Hague Convention.").  In particular, RJ Brands' decision not to attempt service at Wellcook's Principal Address through traditional means falls short of reasonable diligence.

8

RJ Brands has not sought to serve Wellcook at the addresses RJ Brands, to date, *has* found (if it did, that undertaking was not detailed in the Motion or Declaration).⁷ Wellcook's address is not "unknown" if RJ Brands made no effort to serve Wellcook through China's Central Authority pursuant to the Hague Convention, or otherwise attempted to effectuate service at Wellcook's Principal Address, Registered Address, or Amazon Address, however "incomprehensible."⁸ *See Vanderhoef*, 2019 WL 6337908, at *1. RJ Brands' contention that the Hague Convention has no applicability here, since Wellcook's address is "not known," is unpersuasive.

RJ Brands appears to have filed the Motion in order to streamline the service-of-process phase of the litigation by making alternative e-mail service on a foreign defendant. *Id.* at *4. But RJ Brands' well-intentioned approach to accelerating service abroad does not relieve RJ Brands of its obligation to show a good faith effort, as courts in this district require.⁹ While I appreciate RJ Brands' attempt to expedite service of process—particularly where the Wellcook Attorney is already aware of this lawsuit—the basic requirements to Rule 4(f)(3) relief cannot be circumvented outright. The relief RJ Brands seeks remains reasonably attainable, but the appropriate good faith effort must be made and shown.

It is worth noting that the courts in *Vanderhoef* and *Celgene Corp.* identified efforts by the plaintiffs to hire investigators in seeking to comply with the Hague Convention with defendants located in China, or at the only "discoverable" and "associated" address. *See Vanderhoef*, 2019 WL 6337908, at *1; *see also Celgene Corp.*, 2017 WL 1282200, at *2. RJ Brands' failure to enlist an investigator is

---

⁷ Attempting to serve Wellcook at one or several addresses is, by itself, neither "unduly burdensome" nor "impossible." *Bravetti*, 2013 WL 6501740, at *4.

⁸ RJ Brands describes no attempts to decipher or further investigate the Amazon Address.

⁹ RJ Brands cites to no decisions from this district or the Third Circuit.

Case 2:21-cv-04747-JXN-ESK   Document 8   Filed 07/28/21   Page 10 of 11 PageID: 75

not, by itself, fatal to the Motion. "'The appropriate alternative service will vary depending upon the particular circumstances of the case[.]'" *Vuuzle Media Corp.*, 2012 WL 1731947, at *2 (quoting *Bidonthecity.com LLC*, 2014 WL 1331046, at *10). But in this district, unrequited e-mails to Wellcook's officers, speculation on the reliability of several addresses, and the refusal by the Wellcook Attorney to accept service, without more, is insufficient to permit substituted e-mail service under the circumstances presented. The Motion is denied without prejudice.

In addition, it remains unclear whether RJ Brands seeks e-mail service on the Wellcook Attorney only (ECF No. 6-3 p.3) or email service on both the Wellcook Attorney and Wellcook's officers (*id.* p.5; ECF No. 6-4). This distinction could be significant insofar as the Hague Convention has no applicability where the proposed method of service does not require transmittal of documents abroad. *See Bravetti*, 2013 WL 6501740, at *3 (citing *Khachatryan v. Toyota Motor Sales, U.S.A., Inc.*, 578 F.Supp.2d 1224, 1228 (C.D. Cal. 2008)); *see also Zhang v. Baidu.Com Inc.*, 293 F.R.D. 508, 515 (S.D.N.Y. 2013).[10] Since the Registered Address associated with the Infringing Marks is in China, the Registered E-Mails for Wellcook's officers could entail the "transmittal of documents abroad," thus implicating Hague Convention compliance. Conversely, RJ Brands could seek to serve the Wellcook Attorney only after making the requisite good faith effort, thus bypassing any "limitations" posed by the Hague Convention. RJ Brands, on a renewed motion, should specify the method of alternative service proposed.

---

[10] "A plaintiff may serve a foreign defendant by effecting service on the domestic counsel[,]" *Bravetti*, 2013 WL 6501740, *4 (citing *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, No. 11-09495, 2013 WL 5992134, at *3 (C.D. Cal. 2012)), but "the Hague Convention does not apply" where the "proposed method of service does not require the transmittal of documents abroad." *Bravetti*, 2013 WL 6501740, at *3.

10

## **CONCLUSION**

For the foregoing reasons, the Motion (ECF No. 6) is **DENIED** without prejudice. A separate order accompanies this Opinion.

                                                  */s/ Edward S. Kiel*
                                                 **EDWARD S. KIEL**
                                                 **UNITED STATES MAGISTRATE JUDGE**

Date: July 28, 2021